United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-15841-amc
Gary D. Reeser                                                            Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4            User: Randi              Page 1 of 1              Date Rcvd: Sep 12, 2019
                               Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 14, 2019.
db              Gary D. Reeser,    1514 Green Hills Road,    Birdsboro, PA  19508-8385

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 14, 2019                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 12, 2019 at the address(es) listed below:
          KEVIN G. MCDONALD    on behalf of Creditor    Pacific Union Financial, LLC bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor    Nationstar Mortgage LLC D/B/A Mr. Cooper
           bkgroup@kmllawgroup.com
          KEVIN S. FRANKEL    on behalf of Creditor    Nationstar Mortgage LLC D/B/A Mr. Cooper pa-bk@logs.com
          ROLANDO RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
           ecfmail@readingch13.com,   ecf_frpa@trustee13.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,   ecf_frpa@trustee13.com
          SHAWN J. LAU    on behalf of Debtor Gary D. Reeser shawn_lau@msn.com,   g61705@notify.cincompass.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM MILLER*R    on behalf of Trustee WILLIAM MILLER*R ecfemail@FredReigleCh13.com,
           ECF_FRPA@Trustee13.com
                                                                          TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gary D. Reeser aka Gary D. Reeser, Jr. aka Gary David Reeser, Jr. aka Gary Reeser<br>                    Debtor | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER<br>                    Movant<br>    vs. | NO. 18-15841 AMC |
| Gary D. Reeser aka Gary D. Reeser, Jr. aka Gary David Reeser, Jr. aka Gary Reeser<br>                    Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esq.<br>                    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,875.14** , which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 1, 2019 to August 1, 2019 at $1,725.31/month |
| Suspense Balance: | $57.10 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$7,875.14** |

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,875.14.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,875.14** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due September 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,725.31 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front &

back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the

terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor

should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the

automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.      If the case is converted to Chapter 7, Movant  shall file a Certification of Default

with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this

agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to

seek reimbursement of any amounts not included in this stipulation, including fees and costs, due

under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    September 3, 2019                    By: /s/ Kevin G. McDonald, Esquire
                                                  Attorney for Movant


Date:  September 4, 2019                       /s/ Shawn J. Lau, Esquire
                                               Shawn J. Lau, Esquire
                                               Attorney for Debtor

Date:  9/5/19                                  _____ for
                                               Scott F. Waterman, Esquire
                                               Chapter 13 Trustee


Approved by the Court this 11th day of  September          , 2019.  However, the court
retains discretion regarding entry of any further order.

                                               _____
                                               Bankruptcy Judge
                                               Ashely M. Chan